**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT GARCON,<br><br>             Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA NA and DISCOVER BANK,<br><br>             Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>FCRA, 15 U.S.C. §§ 1681 *et seq.* |

Plaintiff Robert Garcon ("Plaintiff"), by and through his undersigned attorneys, alleges the following against the Defendants BANK OF AMERICA NA ("BOA") and DISCOVER BANK ("Discover"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. Plaintiff is the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to open credit accounts with BOA and Discover without Plaintiff's knowledge or consent.

3. Plaintiff has asserted the factual truth—the accounts did not belong to him, and he did not authorize them. Yet BOA and Discover continued to press on.

4. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

5.  The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION

6.  The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

7.  The Plaintiff is a natural person and resident of the State of New York.  He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.  Defendants transact business in the Southern District of New York. Defendants are registered to conduct business and have appointed registered agents in this district, therefore, personal jurisdiction is established.

## PARTIES

9.  Plaintiff is a natural person residing in Suffolk County, New York.

10. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

11. Defendant BANK OF AMERICA NA is a foreign business corporation and authorized to do business in the State of New York through its registered offices at the CT Corporation System, Inc., 28 Liberty Street, New York, New York 10005.

12. At all times relevant hereto, BOA in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

13. Defendant DISCOVER BANK is a foreign business corporation and authorized to do business in the State of New York through its registered offices at the CT Corporation System, Inc., 28 Liberty Street, New York, New York 10005.

14. At all times relevant hereto, Discover in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

15. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## GENERAL FACTUAL ALLEGATIONS

16. Sometime prior to the commencement of this action, Plaintiff discovered that he was the victim of theft, when he acquired his consumer reports from the Big three credit reporting companies.

17. Upon his discovery, the Plaintiff began to attempt to clean up his credit problems that resulted from the identity theft.

18. As a result, the reporting of the inaccurate BOA and Discover accounts were corrected.

19. However, more recently, Plaintiff has discovered that BOA and Discover reinserted and furnished the erroneous accounts to the consumer reporting agencies, more specifically Experian Information Solutions Inc. and Trans Union LLC.

20. The Plaintiff has never opened nor used these accounts at all.

21. Upon discovering the fraudulent debts, Plaintiff once again disputed the debts with either the actual account holder or the credit reporting bureaus.

*Disputes With Bank of America*

22. A check of his consumer file maintained by Experian, revealed that BOA was erroneously furnishing information about an account to Experian, as belonging to the Plaintiff.

23. The information furnished by BOA to Experian, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

24. On or about October 27, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by BOA on her credit file.

25. On or about a date better known to Experian and BOA, Experian furnished Plaintiff's dispute to BOA via e-Oscar.

26. BOA failed to reasonably reinvestigate Plaintiff's dispute that BOA received from Experian in violation of the FCRA.

27. At the date of this filing, BOA has failed to reasonably reinvestigate the Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

28. A check of his consumer file maintained by Trans Union, revealed that BOA was furnishing information about two accounts to Trans Union, as belonging to the Plaintiff.

29. The information furnished by BOA to Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open these accounts.

30. On or about October 27, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by BOA on his credit file.

31. On or about a date better known to Trans Union and BOA, Trans Union furnished Plaintiff's dispute to BOA via e-Oscar.

32. BOA failed to reasonably reinvestigate Plaintiff's dispute that BOA received from Trans Union in violation of the FCRA.

33. At the date of this filing, BOA has failed to reasonably reinvestigate the Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

### *Disputes With Discover*

34. A check of his consumer file maintained by Trans Union, revealed that Discover was furnishing information about an account to Trans Union, as belonging to the Plaintiff.

35. The information furnished by Discover to Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

36. On or about October 27, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Discover on his credit file.

37. On or about a date better known to Trans Union and Discover, Trans Union furnished Plaintiff's dispute to Discover via e-Oscar.

38. Discover failed to reasonably reinvestigate Plaintiff's dispute that Discover received from Trans Union in violation of the FCRA.

39. At the date of this filing, Discover has failed to reasonably reinvestigate the Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

## CLAIMS FOR RELIEF

### COUNT 1: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) against Defendant BOA

40. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

41. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

42. It is evident that Defendant Bank of America failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Bank of America by Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

43. It is evident that Defendant Bank of America failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Bank of America by Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

44. As a result of the above-described violation to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

45. Defendant Bank of America's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

46. Defendant Bank of America's violative conduct was intentional, willful and negligent.

47. The violation by Bank of America was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Bank of America was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 2: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(E) against Defendant BOA

49. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

50. Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

51. Defendant Bank of America failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's dispute from Experian, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

52. Defendant Bank of America failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's dispute from Trans Union, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

53. As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

54. Defendant Bank of America's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

55. Defendant Bank of America's violative conduct was intentional, willful and negligent.

56. The violation by Bank of America was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Bank of America was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 3: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) against Defendant Discover

58. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

59. The FCRA requires that "After receiving notice of a dispute with regard to the

completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

60. It is evident that Defendant Discover failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Discover by Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

61. As a result of the above-described violation to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

62. Defendant Discover's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

63. Defendant Discover's violative conduct was intentional, willful and negligent.

64. The violation by Discover was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Discover was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

65. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 4: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(E) against Defendant Discover

66. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

67. Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

68. Defendant Discover failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's dispute from Trans Union, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

69. As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

70. Defendant Discover's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

71. Defendant Discover's violative conduct was intentional, willful and negligent.

72. The violation by Discover was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Discover was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

74. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Garcon respectfully requests judgment be entered against Defendants for the following:

   A. Declaratory judgment that Defendants violated the FCRA;

   B. Actual damages pursuant to 15 U.S.C. §1681n(a);

   C. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

   D. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

   E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

   F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

   G. Any relief that this Court deems appropriate.

Dated: January 29, 2024
      New York, New York

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508

140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
Email: abel@apierrelaw.com

*Counsel for Plaintiff*

Page **12** of **12**